[No. 1994.   Decided February 25, 1896.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM ALLEN, *Appellant.*

REPEAL OF OLEOMARGARINE LAW — EFFECT ON PENDING PROSECUTION.

Since the act of March 11, 1895, making it a misdemeanor for any person to have in his possession with intent to sell or serve to patrons any compound made in imitation of butter, effects a repeal of § 242 of the Penal Code upon the same subject matter, without any saving clause as to pending prosecutions, a defendant who has been convicted under § 242 and has taken an appeal therefrom, is entitled tó a discharge by the repeal of said § 242 pending his appeal.

Appeal from Superior Court, Spokane County.— Hon. NORMAN BUCK, Judge.   Reversed.

*W. A. Lewis,* for appellant.

*J. W. Feighan,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

HOYT, C. J.—Appellant was convicted of a violation of § 34 of the act of March 2, 1891 (§ 242, Penal Code). This section was in the following language:

"No person or persons shall sell, supply, or offer for sale or exchange any oleaginous substance, or any compound of the same, purporting to be butter or cheese or having the semblance of butter or cheese, other than that produced from wholesome and unadulterated milk or cream of the same, unless the said oleaginous substance, and the package containing the same, shall be marked so as to plainly indicate its true character and distinguish it from pure and genuine dairy products; and in any public dining or eating room where imitation dairy product or products are commonly or knowingly used as an article of food, the bill of fare used in such dining or eating room shall state the fact in the same sized type as is used in printing the body of said bill of fare; or if no

bill of fare is used, then in a conspicuous place of said dining or eating room, easily seen by any one entering said room, shall be posted a notice stating the name or names of such imitation dairy products: *Provided,* That the addition of harmless coloring matter to any product manufactured from pure, unadulterated milk, or the cream thereof, shall [not] come within the provisions of this act: *Provided further*, That milk drawn from cows within fifteen days before and five days after parturition shall be construed to be unclean, impure and unwholesome. Any person violating any of the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than fifty dollars nor more than two hundred dollars, or by not less than one month nor more than three months' imprisonment in the county jail, or by both such fine and imprisonment."

Pending an appeal from the judgment and sentence the legislature passed the act of March 11, 1895, of which § 5 (Laws 1895, p. 70) was in the following language:

" No person, by himself, his agents or his servants, shall render or manufacture, sell, offer for sale, expose for sale or have in his possession with intent to sell or serve to patrons, guests, boarders or inmates in any hotel, eating house, restaurant, public conveyance or boarding house or public or private hospital, asylum, school or eleemosynary or penal institution, any article, product or compound made wholly or partly out of any fat, oil or oleaginous [substance], or compound thereof, not produced directly and wholly at the time of manufacture from unadulterated milk or the cream from the same with or without harmless coloring matter which shall be in imitation of yellow butter produced from pure, unadulterated milk or the cream from the same: *Provided,* That nothing in this act shall be construed to prohibit the manufacture or sale of oleomargarine in a separate and distinct form, and in such manner as will advise the consumer of its real

character, free from coloration or ingredient that causes it to resemble butter."

And said last named act, in § 24, provided that "all acts and parts of acts in conflict with the provisions of this act are hereby repealed;" and contained no saving clause as to actions pending for violation of repealed provisions.

It is familiar law that the repeal of a statute pending a prosecution thereunder, without any saving clause as to such prosecution, will prevent its being further prosecuted, and this rule applies as well after judgment and sentence, pending an appeal duly taken therefrom, as before the final determination in the trial court. A question is therefore presented, preliminary to an investigation of the errors alleged to have been committed during the progress of the cause in the trial court, and that is as to the effect of the act of 1895 upon the section of the act of 1891 under which the appellant was prosecuted. If § 5 of the act of 1895 attempted to legislate upon substantially the same subject as did the section under which the prosecution was instituted, such last named section was repealed by the act of 1895, it being a part of an act in conflict with the provisions of the act of 1895. A careful reading of the two sections convinces us that they related to the same subject matter and that the same general object was sought to be accomplished by the legislature in the enactment of each of the sections.

It follows that the one contained in the act of 1891 was repealed by the act of 1895, and that for that reason the judgment and sentence must be reversed and the defendant discharged.

ANDERS, GORDON and SCOTT, JJ., concur.

DUNBAR, J., dissents.