**BROWN Ex Parte**

Common Pleas Court, Hamilton Co.

Decided May 28, 1936

Joseph Bird and Fred Derfus, Cincinnati, for the petitioner.

Louis J. Schneider and Edward Strasser, Cincinnati, contra.

## OPINION

By GORMAN, J.

The petitioner was tried, convicted and sentenced to pay a fine of $100 and costs, on November 16, 1931, for the unlawful possession of intoxicating liquor, contrary to Chapter 7, Section 57-2 of the Code of Ordinances. The specific charge was that he did "unlawfully have in his possession intoxicating liquor, to-wit homebrew beer, 2.65 per cent alcohol, fit for use for beverage purposes."

Brown gave a stay bond, and on December 14, 1931 filed a petition in error in this court. In the petition in error is merely the statement that the plaintiff in error (Brown) was convicted and sentenced to pay a fine, but the petition in error fails to state the offense charged. No bill of exceptions or any other papers were filed, and on March 31, 1935 another judge of this court properly dismissed the petition in error and affirmed the judgment.

On April 2, 1936, a mandate was sent to the Municipal Court of the city of Cincinnati, and on April 7, 1936 Brown was committed to the work house for non-payment of the fine and costs. Thereafter this application for a writ of habeas corpus was filed.

Between the time of the execution of the stay bond and the affirmance of the judgment by this court, Sec. 57-2 of the ordinances of the city of Cincinnati was repealed.

The Supreme Court of the United States held that if there was a stay of execution, and thereafter the Eighteenth Amendment to the Constitution was repealed, that the appellate court should

order a vacation of the judgment and a reversal. See United States v Chambers, 291 U. S. 217; Massey v United States, 291 U. S. 608.

Judge Charles S. Bell of this court applied a similar ruling to cases heard upon error from the Municipal Court in Ross v City of Cincinnati.

In both these instances the matter was before the court upon error. The theory upon which the reversals was predicated is that the judgment of conviction never became final, and the repeal of the law under which sentence was pronounced having taken effect, the upper court could not thereafter enter an order which would make the judgment final.

In this case it will be noted, due to the failure to file the necessary papers, this court did actually affirm the judgment of the Municipal Court. The first question, which therefore arises, is whether or not the judgment which the Municipal Court has ordered executed, can be collaterally attacked in a proceeding in habeas corpus.

Habeas corpus is ordinarily not the proper remedy to obtain release from custody under the sentence of a court, unless it is absolutely null and void. **Thomas v Cowdrey, 13 Oh Ap 59; Ex Parte Crouse, 14 Oh Ap 274.**

But if a judgment is void it may be attacked collaterally and the accused discharged on habeas corpus in any court of competent jurisdiction. If merely voidable it must be attacked directly. **Ex Parte Pharr, 10 Oh Ap 395;** United States v Pridgeon, 153 U. S. 48.

Oftentimes there are differences of opinion as to whether judgments are void or merely voidable, and upon propositions similar in their nature courts in the same jurisdiction sometimes differ. (Compare **Tari v State, 117 Oh St 481,** and Ex Parte Hatem, 38 Fed. (2d), 226).

On March 13, 1933 the council of the city of Cincinnati, adopted an emergency ordinance (No. 90-1933) which repealed Sec. 57 and 57-3 of the Code of Ordinances and provided that liquor of 3.2 per centum alcohol by weight was not considered intoxicating. There was no saving clause as to pending prosecutions in any section of Ordinance No. 90-1933.

When this repeal went into effect Brown's petition in error was pending in this court. The execution of the sentence of judgment had been suspended. The act for which Brown was convicted was not an offense after March 13, 1933.

In the absence of a clause which saves pending prosecutions, the repeal of a statute before final judgment forecloses all action, but repeal after a final judgment does not. **(In re Kline, 70 Oh St 25.)**

The ordinary rule in such cases is that even when the statute is repealed after the accused has been convicted, judgment must be arrested. "And if an appeal from a conviction is pending when the statute is repealed, the judgment of conviction must be set aside and the indictment quashed." 16 Corpus Juris, 71; Aaron v State, 40 Ala., 307, 309; Commonwealth v Marshall, 11 Pick (Mass.) 350; Hartung v People, 22 N. Y. 95; State v Allen, 14 Wash., 103.

As we construe these cases, a judgment which has been suspended after the repeal of a statute becomes a nullity unless there is a clause or section in reference to pending prosecutions.

Ordinance No. 90-1933 did not have a saving section. Section 26, General Code reads as follows:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

Are the provisions of this section applicable to city ordinances? If they are,

then the repealing ordinance known as No. 90-1933 would not affect any pending prosecutions, and the writ of the petitioner should be denied.

The language used seems to apply only to a statute. Would municipal ordinances be considered as such?

In the United States Judicial Code it is provided that the Supreme Court can entertain proceedings upon review from a state court when the question involves "the validity of any statute." (Title 28, Section 344 U. S. Code.) It has been repeatedly held that the term "statute" is broad enough to include municipal ordinances. Zucht v King, 260 U. S. 174; Reinman v Little Rock, 237 U. S. 171; New Orleans Waterworks Co. v Louisiana Refining Co., 125 U. S. 18; Bacon v Texas, 163 U. S. 207.

On the other hand our Supreme Court has had more difficulty with a somewhat similar problem. **Sec. 2, Art. IV of the Ohio Constitution** requires the concurrence of all but one of the judges of the Supreme Court to declare a law unconstitutional.

The only time the matter was before the court, Judges Day, Allen and Robinson were of the opinion that the section applied to ordinances. However, four members of the court (Marshall, CJ., Kinkade, Jones and Matthias, JJ.) held that an ordinance was not a law. See **Fulwood v City of Canton, 116 Oh St 732.**

Therefore, while the majority's views were not stated as the law, due to reasons affecting the validity of the ordinance, our Supreme Court has indicated it would not consider an ordinance a law.

The Supreme Court of the United States, as we pointed out, does consider an ordinance a statute. While we have no ruling in the court of last resort many years ago the Circuit Court of Appeals definitely decided that a criminal statute similar to §26, GC, did not apply to ordinances. See **Earnhart v Lebanon, 5 C. C. 578.** At page 581 the court said:

"The question whether under these circumstances the motion in arrest of judgment should have been granted, we think is properly raised. The ordinance on which the defendant was convicted, was repealed after the trial and verdict but before judgment."

And at page 582:

"And in this case the village of Lebanon having instituted, in its own name a prosecution against Earnhart, and obtained a conviction against him, the council of the village, the legislative authority thereof, voluntarily, and we presume with full knowledge of the status of the case repealed the ordinance without any saving clause and **thus swept away the foundation of the prosecution,** and as effectually put an end to it, as if it had dismissed the case."

Applying this reasoning to the instant case it can be said that the city repealed Section 57 of its ordinances without a saving clause. There is no general saving ordinance ▮▮▮▮▮▮ and §26 GC, is applicable only to statutes and not to ordinances.

If, as said in the Earnhart case. the repeal of the ordinance with knowledge of the pending prosecution was in effect a legislative dismissal, then at any time after March 31, 1933 the judgment of conviction against Brown having been suspended became a nullity.

The affirmance of such a judgment did not preclude the petitioner from attacking that conviction because after March 31, 1933 it was void. Nor did his failure to adequately prosecute error bar the petitioner. At the most the affirmance in this court was a mere technical affirmance of a judgment already voided by act of council in repealing Section 57 of its ordinances.

Under such circumstances the petitioner is entitled to be released from the custody of the work house officials upon the habeas corpus proceedings.