[No. 32430. Department One. June 8, 1953.]

CHARLES T. WRIGHT, *Respondent*, v. OLE OLSEN *et al.*, *Appellants*, THE STATE OF WASHINGTON, *Respondent*.[1]

[1]Reported in 257 P. (2d) 782.

*Merrill Wallace,* for appellants.

*B. Franklin Heuston, The Attorney General,* and *William C. Hallin, Assistant,* for respondents.

OLSON, J.—This is an action to quiet title to a street vacated in 1941. The trial court decreed that plaintiff and intervener state of Washington each own one half of its area, and that defendants have no interest in it. Defendants do not challenge the court's findings of fact in this appeal, but do assert that its legal conclusions are erroneous.

Decision of the controversy turns upon the nature of the estate of the state of Washington in a tract of land conveyed to it before the street was vacated. This tract, now a state highway, adjoins the vacated street on the east and lies between it and the property owned by defendants. If the state owns this tract in fee simple, there can be no claim by defendants to a portion of the vacated street, because they cannot be the owners of any property on the "side" of such street, and cannot meet the requirement of the statute designating the persons in whom title to a vacated street outside an incorporated city or town shall vest. RCW 58.12.110 [*cf.* Rem. Rev. Stat., § 9303].

 A sovereign state is under no disability regarding its right or capacity to own property.

 The state acquired title to this tract by a bargain-and-sale deed, drawn in statutory form and in plain and unambiguous terms, without reservations, restrictions, or limitations upon the grantee's title. Such a deed conveys an estate in fee simple to the grantee. RCW 64.04.040 [*cf.* Rem. Rev. Stat., § 10553].

 This deed does not express the purpose of the conveyance to the state, but, in any event, its estate in a tract

conveyed to it in fee simple is not limited by the fact that it has used the property for highway purposes. At the time of its acquisition in 1926, the state was authorized to acquire lands for highway purposes by gift, purchase, or condemnation. Rem. Rev. Stat., § 6766. It can only be divested of its estate in such lands by its own deed of conveyance, both under the law as it was in 1926 (Rem. Rev. Stat., §§ 6829-1, 6829-2) and under the statutes now in effect (RCW 47.12.060, 47.12.070 [cf. Rem. Supp. 1945, § 6400-28]).

This indicates a legislative intent not only that the state acquire an estate in fee in such lands but that the abandonment of their use for such purposes does not accomplish a reversion, through operation of law. Cf. *King County v. Hanson Inv. Co.,* 34 Wn. (2d) 112, 118, 208 P. (2d) 113 (1949).

■ It follows that defendants have no possibility of reverter in the tract owned by the state. They have no interest of any nature in any land which is contiguous to the vacated street, and are foreclosed from any claim to it.

There is no cross-appeal, and no issue is presented by plaintiff or the state regarding the adjudication of their respective titles to the area in dispute. Defendants cannot question that decision because they have no interest in the property which is its subject matter, and have established no other ground upon which they can be heard.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.