[No. 43135.  En Banc.  March 13, 1975.]

THE STATE OF WASHINGTON, *Appellant*, v. ROBERT EDWARD HEATH, *Respondent*, JACK G. NELSON, *Appellant*.

*Slade Gorton, Attorney General,* and *David R. Minikel* and *James R. Silva, Assistants,* for appellants.

*J. Hartly Newsum* and *Nuxoll, Stroh, Newsum & Funk,* for respondent.

UTTER, J.—The Director of the Department of Motor Vehicles, Jack G. Nelson, appeals from an order of the Superior Court for King County. This order stayed revocation of the driver's license of Robert Heath, revoked under the provisions of RCW 46.65.060, the Washington Habitual Traffic Offenders Act. We find the order staying revocation to be proper and affirm the trial court.

On August 24, 1972, Heath was found to be a habitual traffic offender in the King County Superior Court and his license to drive revoked. In March 1972, following his last traffic conviction, he began a course of treatment for his alcoholism. On July 16, 1973, an amendment to RCW 46.65.060 became effective. A proviso was added permitting "a judge" to stay a revocation order where the offenses were the result of alcoholism for which the offender is obtaining treatment.[1]

In August of 1973, the Superior Court for King County issued a stay of its previous order revoking Heath's driver's license, finding he qualified for such a stay under this proviso, which states "a judge may stay the effective date of the order declaring the person to be a habitual traffic offender if he finds that the traffic offenses upon which it is based were caused by or are the result of the alcoholism of

---

[1]RCW 46.65.060:
"If the court finds that such person is not the same person named in the aforesaid transcript or abstract or that he is not an habitual offender under this chapter, the proceeding shall be dismissed but if the court finds that such person is the same person named in the aforesaid transcript or abstract and that such person is an habitual offender, the court shall so find and by appropriate order direct such person not to operate a motor vehicle on the highways of the state of Washington and to surrender to the court all licenses or permits to operate a motor vehicle on the highways of this state for disposal. The clerk of the court shall file with the department of motor vehicles a copy of such order which shall become a part of the permanent records of the department. Upon receipt of the court order finding such person to be an habitual offender the department of motor vehicles shall revoke the operator's license for a period of five years: *Provided,* That a judge may stay the effective date of the order declaring the person to be a habitual traffic offender if he finds that the traffic offenses upon which it is based were caused by or are the result of the alcoholism of the person, as defined in RCW 70.96A.020, as now or hereafter amended and that since his last offense he has undertaken and followed a course of treatment for alcoholism on a program approved by the department of social and health services; notice of such stay shall be entered on the copy of the order filed with the department of motor vehicles. Said stay shall continue as long as there is no further conviction for any of the offenses listed in RCW 46.65.020(1). Upon a subsequent conviction for any offense listed in RCW 46.65.020(1), the stay shall be removed and the department of motor vehicles shall revoke the operator's license for a period of five years."

the person . . . and that since his last offense he has undertaken and followed a course of treatment for alcoholism . . ."

■■ The department raises two questions for resolution on appeal. The first is whether the proviso to RCW 46.65.060 authorizes stays of revocation orders issued prior to the effective date of the amendment, July 16, 1973. We find the precise language of the statute of little help in determining whether it is or is not to be given such retroactive applicability. There is no statement by the legislature on the issue in the proviso and we must turn to general rules of statutory construction. Statutes are normally construed to apply only prospectively unless the contrary appears. *Amburn v. Daly*, 81 Wn.2d 241, 501 P.2d 178 (1972). Where a statute is remedial, however, and would be furthered by retroactive application, this presumption is reversed. *Snow's Mobile Homes, Inc. v. Morgan*, 80 Wn.2d 283, 291, 494 P.2d 216 (1972); *Pape v. Department of Labor & Indus.*, 43 Wn.2d 736, 264 P.2d 241 (1953). The purpose of the proviso is patently remedial. It allows alcoholics to receive treatment for their illness rather than deprive them of their driving privileges. The presumption of retroactivity therefore applies.

■ An additional reason for holding the legislation to operate retroactively is that it, in effect, reduced the penalty for a crime. When this is so, the legislature is presumed to have determined that the new penalty is adequate and that no purpose would be served by imposing the older, harsher one. This rule has even been applied in the face of a statutory presumption against retroactivity and the new penalty applied in all pending cases. *In re Estrada*, 63 Cal. 2d 740, 408 P.2d 948, 48 Cal. Rptr. 172 (1965); *People v. Oliver*, 1 N.Y.2d 152, 134 N.E.2d 197 (1956).

■ The second issue raised by the department is whether the stay of a revocation order must be issued contemporaneously with the revocation order itself. The language of the proviso militates against such a construction. The statute provides only that "notice of such stay

shall be entered on the copy of the order filed with the department of motor vehicles." There is no requirement in the statute that the notation of the stay be made at the time the order is entered. The language of the proviso authorizing a judge to grant a stay when "since his last offense [the offender] has undertaken and followed a course of treatment for alcoholism on a program approved by the department of social and health services . . ." indicates the legislature contemplated a period of time might elapse following the conviction during which the offender could find and qualify for such a program of treatment before asking the court to determine that he had qualified for a stay. No purpose would be served by restricting the power of the court to exercise its authority under the proviso to only that date upon which the order suspending the original order was entered and such a construction is inconsistent with the statutory scheme.

The order of the trial court is affirmed.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, BRACHTENBACH, and HOROWITZ, JJ., concur.