[No. 4389–1. Division One. July 18, 1977.]

J. DAN FIORITO, ET AL, *Appellants*, v. M. A.
SEGALE, INC., ET AL, *Respondents*.

*Rinker, Pickel, Stanislaw, Ashbaugh, Oles & Morrison,
Richard M. Stanislaw,* and *Pamela D. O. Larson,* for
appellants.

*Slade Gorton, Attorney General, Jack A. Borland,
Assistant,* and *Richard H. Sterne,* for respondents.

WILLIAMS, J.—J. Dan Fiorito and others brought this
action against M. A. Segale, Inc., the State of Washington
and the director of the State Department of Highways to
invalidate an agreement between Segale and the State
Highway Commission. Trial to the court sitting without a
jury resulted in a dismissal of the complaint. Fiorito and
the others appeal; we reverse.

The facts are that in 1973 the highway commission was
seeking fill material to use on a highway then in prospect.
It located some, owned by Segale, near the project site.
Segale agreed with the commission that the successful bid-
der in the highway project could remove 900,000 (subse-
quently amended to 1,500,000) cubic yards of material from
its pit in return for the right to remove a similar amount
from a pit owned by the State, located some distance from
the new highway. If, at the end of a prescribed period, one
party had removed more than the other, the difference was
to be paid for at 15 cents a cubic yard.

The question presented is whether the highway commis-
sion legally conveyed or agreed to convey title to one and
one–half million cubic yards of the State's fill material to
Segale. Fiorito and the others contend not, and ask that the
State be repaid for the reasonable value of the material
taken from its pit, for an opportunity to bid on the prop-
erty remaining, for a permanent injunction preventing
Segale from taking any more material from the pit and for
their "costs, disbursements and attorney fees incurred to
protect funds and property belonging to the citizens of the
state of Washington."

 A sovereign state is under no disability regarding
its right or capacity to own property. *Wright v. Olsen,* 42

Wn.2d 702, 257 P.2d 782 (1953). Ordinarily, all State sales of land or valuable materials shall be at public auction or by sealed bid to the highest bidder. RCW 79.01.200. At the time of the transaction in question, the Washington State Highway Commission could sell property not needed for highway purposes

> to abutting owners for the fair market value or exchange with any person as a consideration or part consideration for lands or property rights needed by the state, or may sell same by public auction whenever it is deemed in the public interest to do so.
>
> The Washington state highway commission shall certify the agreement to the governor with a description of the property to be conveyed, and the governor may execute and the secretary of state shall attest the deed and deliver it to the grantee.

RCW 47.12.060 in part.

Fiorito and the others contend that the transaction between Segale and the highway commission was a sale governed by RCW 79.01.200 and not an exchange permitted by RCW 47.12.060. We disagree. Although there was a price of 15 cents per cubic yard fixed in the event of a difference in quantity mined, the essential characteristics of an exchange were present. Exchange is defined as "the act of giving or taking one thing in return for another as if equivalent". *Webster's Third New International Dictionary* 792 (1969). *See also* 30 Am. Jur. 2d *Exchange of Property* § 1 (1967).

Fiorito and the others further contend that even if the transaction was an exchange, it is still illegal because it was not certified to the Governor and the required deed was not executed, attested and delivered. We agree. The State can only be divested of its estate in highway lands by its own deed of conveyance. *Wright v. Olsen, supra.* It is apparent that the requirement of certification to the Governor was for the purpose of permitting him to exercise oversight of such transactions. In this case the Governor was not given the opportunity to approve or disapprove the transaction, and did not sign a deed. We note that the legislature in

1975 removed these duties from the Governor and placed them with the director of highways, RCW 47.12.060, but the law existing at the time controls. *State v. Heath,* 85 Wn.2d 196, 532 P.2d 621 (1975).

Segale contends that the doctrine of equitable estoppel cures any procedural defects in the exchange agreement. Although it is difficult to understand how the defense of estoppel would apply, we do not come to the question because neither Segale nor the State pleaded it as required by CR 8(c). *Impero v. Whatcom County,* 71 Wn.2d 438, 430 P.2d 173 (1967).

The judgment is reversed with direction to grant Fiorito and the others the relief sought.

SWANSON and CALLOW, JJ., concur.

Petition for rehearing denied October 25, 1977.

Review denied by Supreme Court June 2, 1978.