[No. 44253.   En Banc.   December 22, 1977.]

SHIRLEY E. HOLT, *Respondent,* v. THE CITY OF MOSES LAKE, ET AL, *Petitioners.*

*Carlson & Drewelow, Inc., P.S.,* by *Larry Carlson* and *James B. Drewelow,* for petitioners.

*Vovos & Voermans,* by *Mark E. Vovos,* for respondent.

*Gregg Tinker, Daniel F. Sullivan,* and *Kerry D. Kidman* on behalf of Washington State Trial Lawyers Association, amici curiae.

UTTER, J.—The City of Moses Lake seeks relief from an order of the Superior Court denying the City's motion for dismissal of respondent Shirley Holt's wrongful death claim for want of jurisdiction. We affirm.

On October 10, 1974, Shirley Holt contacted the City of Moses Lake, seeking police assistance because a shotgun had been fired at her home. Two City police officers came to her residence. They were informed that the shotgun

blast had come from the back porch of Holt's neighbor, Larry Newby. The officers went next door and found Newby and another man. They had been drinking and had in their possession a freshly discharged shotgun. The officers questioned Newby and then left. Shortly thereafter, further requests for aid came from Mrs. Holt. The same two officers were once again sent to the Holt residence; however, no arrests were made and the weapon found in the Newby home was not seized. Later the same night, Leonard Kopinski, the 15-year-old son of respondent, emerged from the Holt home and was shot and killed by a shotgun blast fired from the Newby residence. Newby then apparently took his own life with the shotgun.

The respondent subsequently commenced this action seeking damages from the City of Moses Lake and certain individual officers employed by the City, for the wrongful death of her son. The City's motions for summary judgment and dismissal for want of jurisdiction were denied by the trial court. The City then sought a writ of certiorari, alleging that the Superior Court had no jurisdiction over the subject matter of the lawsuit.

The petitioner's sole basis for its claim of lack of jurisdiction is the wording of a section of the crime victims compensation act (RCW 7.68) which, prior to recent amendments to the act, provided:

> In keeping with the intent of the legislature as set forth in RCW 7.68.010, all civil actions and civil causes of action against the state for injury or death as a consequence of a criminal act, and all jurisdiction of the courts of the state over such causes, are hereby abolished except as in this chapter provided.

RCW 7.68.040. The City contends that this provision precludes not only actions against the State itself for injury or death resulting from a criminal act (*see Haddenham v. State*, 87 Wn.2d 145, 550 P.2d 9 (1976)), but also eliminates the possibility of bringing such an action against any political subdivision of the State, such as the City of Moses Lake.

This case was originally argued before this court on September 27, 1976, and was subsequently reheard on June 22, 1977. During the period between the two hearings before this court the legislature enacted a bill expressly repealing RCW 7.68.040 (Laws of 1977, 1st Ex. Sess., ch. 302, § 11) and amending RCW 7.68.050 so as to provide:

> No right of action at law for damages incurred as a consequence of a criminal act shall be lost as a consequence of being entitled to benefits under the provisions of this chapter. In the event any person entitled to benefits under this chapter additionally seeks a remedy for damages incurred as a consequence of a criminal act, then and in that event the department shall be subrogated to the rights of such person and have a lien upon any recovery so made to the extent of the benefits paid or payable by the department to or on behalf of such person under this chapter. If the recovery involved is against the state, the lien of the department shall include the interest on the benefits paid by the department to or on behalf of such person under this chapter computed at the rate of eight percent per annum from the date of payment.

*See* Laws of 1977, 1st Ex. Sess., ch. 302, § 3. This bill was signed by the Governor on June 21, 1977, and became effective September 21, 1977. Const. art. 2, § 41 (amendment 26).

We find these recent legislative enactments to be dispositive of the issue raised. The amendments to the crime victims compensation act pertinent here are clearly remedial in purpose and therefore apply retroactively. *Haddenham v. State, supra; State v. Heath,* 85 Wn.2d 196, 532 P.2d 621 (1975). In the absence of the prohibition arguably contained in RCW 7.68.040, which has now been repealed, the Superior Court clearly possesses jurisdiction over the respondent's claim. RCW 4.96; *Kelso v. Tacoma,* 63 Wn.2d 913, 390 P.2d 2 (1964).

The challenged order of the trial court is affirmed and the case remanded for further proceedings.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.