14 P.3d 826 (2000)
STATE of Washington, Appellant,
v.
Brooks Lee TONEY, Respondent.
No. 25300-3-II.
Court of Appeals of Washington, Division 2.
December 15, 2000.
John A. Hays (Court Appointed), Longview, for Respondent.
Edwin Nick Norton, Cowlitz County Deputy Pros. Atty., Kelso, for Appellant.
MORGAN, J.
The State appeals the trial court's use of a new sentencing alternative when sentencing for a crime committed before the alternative's effective date. Because of RCW 10.01.040, we reverse.
The 1995 legislature created a "drug offender sentencing alternative" (DOSA).[1] It provided that an offender could be sentenced to substance abuse treatment and a reduced *827 term of confinement if the offender had no prior felony convictions and met certain other conditions.[2]
The 1999 legislature amended DOSA.[3] It provided, in general, that an offender could be sentenced to substance abuse treatment and a reduced term of confinement even if the offender had a prior felony conviction, so long as the offender had never been convicted of a sex offense or a violent offense. The amendment took effect July 25, 1999.
On June 22, 1999, Toney helped sell a small amount of cocaine to an undercover police officer. On June 24, 1999, he helped sell another small amount of the same drug. On October 22, 1999, he pleaded guilty to two counts of delivery of a controlled substance.[4]
At sentencing, Toney acknowledged that he had a prior conviction for a felony that was not a sex offense or a violent offense.[5] Nonetheless, he asked to be sentenced under the 1999 amendment to DOSA. The State argued that Toney was ineligible for DOSA because the 1999 amendment did not apply to offenses committed before its effective date. The trial court sentenced under the 1999 amendment, and the State then filed this appeal.
The only question on appeal is whether a trial court erred by applying the 1999 amendment to an offense committed before July 25, 1999.[6] The State relies on RCW 10.01.040. Enacted in 1901, that statute provides:
Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.
By its plain terms, this statute says that when a criminal or penal statute is amended, its pre-amendment version applies to offenses before the amendment's effective date, "unless a contrary intention is expressly declared in the amendatory ... act[.]"[7] DOSA is criminal and penal, and the 1999 amendments to it do not contain an express declaration on retroactivity. Accordingly, we are constrained to hold that the 1999 amendment does not apply to crimes committed before its effective date.
Division One has reached the same result. It held in State v. Kane,[8] that the 1999 *828 amendment did not contain an express declaration concerning retroactivity, and thus that RCW 10.01.040 prevented its application to offenses committed before July 25, 1999.[9]
Toney relies on State v. Grant[10] and State v. Heath,[11] but neither of those cases governs this one. In Heath, RCW 10.01.040 seems to have been overlooked.[12] In Grant, according to the Supreme Court, the statute in issue contained an express declaration on retroactivity.
The sentence is vacated, and the case is remanded for resentencing.
SEINFELD, J., and ARMSTRONG, C.J., concur.
NOTES
[1] Former RCW 9.94A.120(6)(a)(i)-(iii) (Laws of 1995, ch. 108, § 3).
[2] Id.
[3] Laws of 1999, ch. 197, § 4, amended former RCW 9.94A.120, Laws of 1995, ch. 108, § 3, as follows:

(6)(a) An offender is eligible for the special drug offender sentencing alternative if:
(i) The offender is convicted of ((the manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance classified in Schedule I or II that is a narcotic drug or a felony that is, under chapter 9A.28 RCW or RCW 69.50.407, a criminal attempt, criminal solicitation, or criminal conspiracy to commit such crimes,)) a felony that is not a violent offense or sex offense and the violation does not involve a sentence enhancement under RCW 9.94A.310(3) or (4);
(ii) The offender has no current or prior convictions for a ((felony)) sex offense or violent offense in this state, another state, or the United States; ((and))
(iii) For a violation of the uniform controlled substances act under chapter 69.50 RCW or a criminal solicitation to commit such a violation under chapter 9A.28 RCW, the offense involved only a small quantity of the particular controlled substance as determined by the judge upon consideration of such factors as the weight, purity, packaging, sale price, and street value of the controlled substance; and
(iv) The offender has not been found by the United States attorney general to be subject to a deportation detainer or order.
[4] See RCW 69.50.401(a).
[5] The conviction was for a 1998 third degree assault. See RCW 9A.36.031(2); Former RCW 9.94A.030(33) and (38) (defining "sex offense" and "violent offense").
[6] At oral argument, Toney abandoned the equal protection issue set forth in his brief.
[7] RCW 10.01.040.
[8] State v. Kane, 101 Wash.App. 607, 5 P.3d 741 (2000).
[9] See also Laws of 2000, ch. 26, § 1. "[I]ntended to clarify the applicability of statutes creating new sentencing alternatives or modifying the availability of existing alternatives," Kane, 101 Wash.App. at 618, 5 P.3d 741, it states that "[a]ny sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed."
[10] State v. Grant, 89 Wash.2d 678, 575 P.2d 210 (1978).
[11] State v. Heath, 85 Wash.2d 196, 532 P.2d 621 (1975).
[12] It seems obvious that RCW 10.01.040 should have been noted, and either followed or distinguished, in the fifth paragraph of the Heath opinion. In that paragraph, however, the court cites only a California case and a New York case. Heath, 85 Wash.2d at 198, 532 P.2d 621. It appears, then, that the parties and the court overlooked RCW 10.01.040.