IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80955-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| PRESTEEN, CHRISTIAN ADRIAN, | ) | UNPUBLISHED OPINION |
| DOB: 02/24/1979, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — Christian Adrian Presteen appeals his life sentence without parole under the Persistent Offender Accountability Act of the Sentencing Reform Act of 1981 (POAA), chapter 9.94A RCW, following a conviction for assault in the second degree. Presteen argues the trial court should not have sentenced him as a persistent offender because the legislature no longer considers one of his predicate, or strike, offenses—robbery in the second degree—a most serious offense under the POAA. Because robbery in the second degree was a strike offense under the POAA when Presteen committed the assault, and because we find no reason to depart from statutory authority and precedent requiring the court to sentence a person under the law in effect when they committed the crime, we affirm.

FACTS

In December 2002, Presteen was convicted of first degree robbery with a deadly weapon. In September 2017, he was convicted of second degree

Citations and pin cites are based on the Westlaw online version of the cited material.

robbery.  Both of Presteen's convictions qualified as strike offenses under the POAA.[1]  On January 9, 2018, Presteen attacked a fellow inmate at the Monroe Correctional Complex.  On May 6, 2019, the State charged Presteen with one count of assault in the second degree for the attack.  Assault in the second degree is also a strike offense under the POAA.[2]

On July 28, 2019, the legislature amended the POAA to eliminate robbery in the second degree as a strike offense.[3]  On November 15, 2019, Presteen pleaded guilty to the second degree assault charge.  The parties disagreed about whether the amended POAA applied to Presteen's sentence.  The court advised Presteen that "there is a difference of opinion between the attorneys as to whether or not this would be a third strike" and that the sentencing judge would make the ultimate decision, which "could go I gather one way or another." Presteen told the court that he understood the dispute and that he wanted to go forward with his plea.

The court sentenced Presteen on December 6, 2019.  Presteen argued that the court should not sentence him to life in prison without parole because under the 2019 legislative amendment, his 2017 robbery in the second degree conviction "is not a most serious offense which would qualify him to be treated as a persistent offender."  Instead, Presteen urged the court to sentence him to a standard-range sentence of 63 to 84 months' confinement.  The State argued that RCW 9.94A.345 "demands this Court look at the laws at the time that the

---

[1] Former RCW 9.94A.030(28)(a) (2001); former RCW 9.94A.030(33)(o) (2016).

[2] RCW 9.94A.030(32)(b).

[3] LAWS OF 2019, ch. 187, § 1.

current offense was committed when entering a sentence." Because the legislature did not amend the POAA until after Presteen committed the assault, the State asked the court to "find this to be Mr. Presteen's third strike offense rendering him eligible I suppose for the life without possibility of release."

The trial court agreed with the State and imposed a sentence of life in prison without the possibility of early release. Presteen appeals.

ANALYSIS

Presteen argues the trial court lacked authority to sentence him as a persistent offender because "the Legislature removed second degree robbery as a qualifying offense for persistent offenders" before he was convicted and sentenced for assault in the second degree. The State contends that the trial court was bound to apply the POAA as it existed when Presteen committed assault in the second degree. We agree with the State.

Under RCW 9.94A.570, a court must sentence a "persistent offender" to life in prison without the possibility of release. A "persistent offender" is someone who has been convicted of a "most serious offense" and who has previously been convicted of a most serious, or strike, offense on at least two separate occasions. RCW 9.94A.030(37)(a); State v. Knippling, 166 Wn.2d 93, 98-99, 206 P.3d 332 (2009).

The legislature has determined that individuals must be prosecuted and sentenced under the law in effect when they committed the offense. RCW 10.01.040; RCW 9.94A.345; State v. McCarthy, 112 Wn. App. 231, 238 n.20, 48 P.3d 1014 (2002), review denied, 148 Wn.2d 1011, 63 P.3d 889 (2003); State v.

Kane, 101 Wn. App. 607, 618, 5 P.3d 741 (2000). The "saving statute," RCW 10.01.040, presumptively saves the amendment of a criminal or penal statute from affecting offenses already committed unless the legislature expresses a contrary intention in the amendatory act. Kane, 101 Wn. App. at 610, 613. RCW 10.01.040 provides:

> No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act . . . . Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

The saving statute " 'is deemed a part of every repealing statute as if expressly inserted therein, and hence renders unnecessary the incorporation of an individual saving clause in each statute which amends or repeals an existing penal statute.' " State v. Ross, 152 Wn.2d 220, 237, 95 P.3d 1225 (2004) (quoting State v. Hanlen, 193 Wash. 494, 497, 76 P.2d 316 (1938)). The legislature also enacted the "timing statute" in 2000,[4] requiring that sentences "be determined in accordance with the law in effect when the current offense was committed." RCW 9.94A.345.

Presteen contends that neither the saving nor the timing statute applies to him. Citing State v. Wiley, 124 Wn.2d 679, 880 P.2d 983 (1994), he claims that

---

[4] LAWS OF 2000, ch. 25, § 2.

4

the saving statute does not apply when the legislature "downgrade[s]" the punishment for an offense. In Wiley, the defendant pleaded guilty to multiple counts of felony larceny, which the legislature defined at the time as stealing property valued over $75. Wiley, 124 Wn.2d at 680-81. The legislature later reclassified larceny crimes as theft and made it a gross misdemeanor to steal property valued less than $250. Wiley, 124 Wn.2d at 681. A jury later convicted Wiley of residential burglary and Wiley contested his offender score, arguing that the court should have scored his felony larceny convictions as misdemeanors. Wiley, 124 Wn.2d at 680-81. The Supreme Court affirmed Wiley's offender score but stated that "the reclassification of an entire crime to a lower level of punishment does apply retroactively to the calculation of an offender score." Wiley, 124 Wn.2d at 686-88, 682.

Presteen also quotes State v. Heath, 85 Wn.2d 196, 198, 532 P.2d 621 (1975), to argue our Supreme Court declared that legislative amendments reducing criminal penalties should be applied to all pending cases because the "legislature is presumed to have determined that the new penalty is adequate and that no purpose would be served by imposing the older, harsher one." In Heath, the court revoked the defendant's driver's license as a "habitual traffic offender." Heath, 85 Wn.2d at 197. The legislature later amended the Washington Habitual Traffic Offenders Act, chapter 46.65 RCW, to allow courts to stay revocation orders if the underlying offense resulted from alcoholism and the offender was in treatment. Heath, 85 Wn.2d at 197. The trial court applied the amendment to Heath and stayed its prior order revoking his driver's license. Heath, 85 Wn.2d at

5

197. The Supreme Court affirmed the trial court because the amendment, "in effect, reduced the penalty for a crime." Heath, 85 Wn.2d at 199, 198.

Division Two of our court recently rejected both of Presteen's arguments in State v. Jenks, 12 Wn. App. 2d 588, 459 P.3d 389, review granted, 196 Wn. 2d 1001, 471 P.3d 211 (2020).[5] In Jenks, a jury convicted the defendant of robbery in the first degree and the court sentenced him to life without parole under the POAA because his criminal history included convictions for two strike offenses—robbery in the first degree and robbery in the second degree. Jenks, 12 Wn. App. 2d at 590-91. While Jenks' appeal was pending, the legislature amended the POAA to remove robbery in the second degree as a strike offense. Jenks, 12 Wn. App. 2d at 590.

Jenks argued on appeal that Wiley and Heath required us to apply the amended POAA to his sentence despite the clear language of the saving and timing statutes. Jenks, 12 Wn. App. 2d at 595-97. Division Two disagreed, reasoning that neither Wiley nor Heath considered the saving statute. Jenks, 12 Wn. App. 2d at 597. Wiley "did not address the effect of RCW 10.01.040" and Heath involved a civil license suspension that did not implicate the saving statute at all. Jenks, 12 Wn. App. 2d at 597, 596 (citing Ross, 152 Wn.2d at 239; Kane, 101 Wn. App. 615-16). It also noted that both Wiley and Heath were decided before the legislature enacted the timing statute.[6] Jenks, 12 Wn. App. 2d at 597.

---

[5] And we recently rejected a similar argument in State v. Molia, 12 Wn. App. 2d 895, 904, 460 P.3d 1086 (2020).

[6] Presteen also argues the timing statute "was enacted in 2000 to apply only to the calculation of offender scores and to determine the eligibility for sentencing alternatives." But the plain language of RCW 9.94A.345 mandates its application to "[a]ny sentence."

Division Two concluded that by enacting the timing statute, the legislature clearly signaled its intent that offenders be sentenced under the law that was in effect at the time they committed the crime. Jenks, 12 Wn. App. 2d at 598. Because neither Wiley nor Heath addressed the saving and timing statutes, they did not compel a different result. Jenks, 12 Wn. App. 2d at 597.

Presteen argues that we should disregard Jenks because it "brushes the prior decisions of the Supreme Court aside." But we concur with Division Two that Wiley and Heath do not compel us to ignore the saving and timing statutes. As stated, Heath involved only a civil penalty, both Wiley and Heath were "decided long before the enactment" of the timing statute, and neither addressed the effect of the saving statute. Jenks, 12 Wn. App. 2d at 596, 597. The remedy that Presteen seeks is with the legislature.

The trial court did not err in sentencing Presteen as a persistent offender. We affirm.

_____
Brennan, J

WE CONCUR:

_____        _____
Andrus, A.C.J.                 Dwyer, J.

7