[No. 8375. Department Two. October 29, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM HANOVER, *Appellant.*[1]

CRIMINAL LAW—STATUTES—REPEAL—EFFECT ON PENDING PROSECUTION. The repeal of the act of 1890, § 8, relating to the practice of medicine without a license, by the act of 1909, p. 677, without any saving clause for the prosecution of offenses committed under the old law, bars pending prosecutions, and a conviction thereunder is error (Reversed on rehearing).

CRIMINAL LAW—STATUTES—REPEAL—EFFECT ON PENDING PROSECUTION. The saving clause in Laws 1901, Ex. Ses., p. 13, providing that

[1]Reported in 104 Pac. 624.

no pending prosecution for any offense shall be affected by any repeal of a criminal or penal statute, unless the contrary intention is expressly declared in the repealing act, is constitutional; and a pending prosecution for practicing medicine without a license, is not affected by Laws 1909, p. 677, repealing former laws before trial and conviction of the accused.

PHYSICIANS AND SURGEONS—PRACTICING WITHOUT LICENSE—EVIDENCE—TWO OFFENSES. A conviction for practicing medicine without a license cannot be objected to in that there were two forms of offense proven, where there was no attempt to charge more than one crime, and the testimony as to the several *indicia* of practicing was merely evidentiary; especially where the only objection to such evidence was that it was immaterial and the accused admitted that he had no license.

APPEAL—BRIEFS—ASSIGNMENT OF ERROR. Objection to the sufficiency of the information made upon oral argument will not be considered where it was not assigned as error in the brief.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 1, 1909, upon a trial and conviction of the crime of practicing medicine without a license. Reversed.

*John T. Casey* (*Milo A. Root,* of counsel), for appellant.

MOUNT, J.—The appellant was prosecuted under the provisions of § 8 of the act of 1890, relating to the practice of medicine and surgery. He was charged with practicing medicine without a license, and was convicted and sentenced to pay a fine. He appeals from that judgment.

The state has made no appearance in the case in this court. The information alleges that the act was committed on October 26, 1908, in King county. A trial was had in the month of April, 1909. A judgment was entered against appellant on May 1, 1909. Between the date when the offense is charged to have been committed and the date of the trial, the state legislature passed a new act regulating the practice of medicine and surgery, and repealing prior acts. This last act contained an emergency clause, and took effect upon its approval, viz., March 18, 1909. Laws 1909, p. 677. This

act contained no saving clause for the prosecution of offenses committed under the old law. Under well-settled principles of law, there was no authority at the time of the trial for the prosecution of the appellant upon the offense charged. In *State v. Oliver*, 12 Wash. 547, 41 Pac. 895, the statute under which the defendant was prosecuted was repealed without a saving clause as to prior offenses, and this court held that the prosecution was barred. And in *State v. Allen*, 14 Wash. 103, 44 Pac. 121, where an act was repealed without any saving clause, pending an appeal to this court, it was held that a prosecution under the repealed act was barred, the court saying:

"It is familiar law that the repeal of a statute pending a prosecution thereunder, without any saving clause as to such prosecution, will prevent its being further prosecuted, and this rule applies as well after judgment and sentence, pending an appeal duly taken therefrom, as before the final determination in the trial court."

The judgment appealed from must therefore be reversed, and the appellant discharged.

  RUDKIN, C. J., CROW, PARKER, and DUNBAR, JJ., concur.

## ON REHEARING. ·

[Department Two. Decided March 4, 1910.]

*John T. Casey (Milo A. Root,* of counsel), for appellant.
*The Attorney General,* for respondent.

DUNBAR, J.—This case was heard by this court at the October term, 1909, and decided October 29th. There was no appearance by the state. It was urged by the appellant that the statute under which he was informed against, viz., section 8, page 119, of the Laws of 1889-90, had been repealed between the date when the offense was charged to have been committed and the date of the trial, by an act of the legislature regulating the practice of medicine and surgery, Laws 1909, page 677, which by reason of an emergency

clause took effect March 18, 1909, which was before the trial and conviction of the appellant. This court took that view of the law, and the judgment of the lower court was re-versed. But chapter 6 of the Extraordinary Session Laws of 1901, page 13, was not called to the attention of the court, and was inadvertently omitted from consideration. Upon the occurrence of this statute to the minds of the court, upon its own motion it set the case for a rehearing, and called upon the attorney general to appear in behalf of the state; which he did, by both brief and oral argument. The provision above referred to is as follows:

"No offense committed and no penalty or forfeiture in-curred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act, and no prosecution for any offense, or for the recovery of any penalty or for-feiture, pending at the time any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, but the same shall proceed in all respects, as if such provision had not been repealed, unless a contrary intention is expressly declared in the repealing act. Whenever any criminal or penal statute shall be amend-ed or repealed, all offenses committed or penalties or for-feitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amend-ment or repeal, unless a contrary intention is expressly de-clared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to cover forfeitures, pending at the time of its enactment, un-less a contrary intention is expressly declared therein."

If this act is constitutional, it must be seen that the former opinion of the court was wrong on the point on which it was based, and its constitutionality is not seriously called in question by appellant. But the validity of the act has been declared at least twice by this court; first, in *State v. Fair*, 35 Wash. 127, 76 Pac. 731, 102 Am. St. 897, where, after a careful and extensive review of the authorities, the

conclusion was reached that the act was constitutional; and afterwards, in *State v. Ames,* 47 Wash. 328, 92 Pac. 137, where the same conclusion was reached. The saving clause under consideration is in all essentials like the saving clause embraced in section 13 of the Revised Statutes of the United States, the validity of which was sustained in *Great Northern R. Co. v. United States,* 208 U. S. 452; *United States v. Reisinger,* 128 U. S. 398, and by an unbroken line of cases in the Federal courts. It therefore becomes our plain duty to reverse our former decision, so far as it was based on the proposition discussed therein.

It is, however, urged by appellant that the judgment should be reversed because it is alleged that there were two forms of offense proven; that the testimony as to the use of the letters M. D. and certain other indicia of practice should have been excluded, and that the requirement of the statute that the indictment or information must charge but one crime and in one form only, except in certain instances, has been violated. But the information shows that there was no attempt to charge more than one crime. The substantive charge is practicing medicine without a license, and these other matters that were introduced were simply evidentiary, tending to prove the commission of the substantive charge. The only ground of objection raised was that they were immaterial, and that ground is not urged here. But, even if it should be conceded that they were immaterial, the testimony would be harmless, for the appellant openly confessed that he had no license, and positively declared that he would not comply with the requirements of the medical board because he did not deem them just.

There was some oral discussion by counsel as to the sufficiency of the information, but as no assignment of that kind was made in the brief, we will not discuss it.

It seems plain from the whole record that the judgment should be affirmed, and it is so ordered.

RUDKIN, C. J., MOUNT, PARKER, and CROW, JJ., concur.