[Nos. 19161-3-III; 19272-5-III.   Division Three.   April 5, 2001.]

*In the Matter of the Sentence of* Bobby Joe Holt.
*In the Matter of the Sentence of* William Douglas Ray.

*Christine O. Gregoire, Attorney General,* and *Alexei A. Kostin* and *Diana M. Sheythe, Assistants,* for petitioner.

*Janet G. Gemberling; John T. Rodgers* (of *Rodgers & Peterson*); and *Steven J. Tucker, Prosecuting Attorney for Spokane County,* and *Kevin M. Korsmo, Deputy,* for respondents.

KATO, J. — Bobby Joe Holt and William D. Ray were sentenced under a 1999 amendment to the Drug Offender Sentencing Alternative. The 1999 amendment expanded the eligibility criteria for certain offenders and had an effective date of July 25, 1999. Both men committed their crimes prior to the effective date of the amendment, but the court determined the amendment was retroactive and applied it. The Department of Corrections (DOC) has filed a postsentencing petition contesting the sentences. We hold that the 1999 amendment was not retroactive and remand for resentencing.

In 1995, the Legislature enacted the Drug Offender Sentencing Alternative (DOSA) as a treatment-oriented alternative to a standard range sentence of confinement.

*State v. Kane*, 101 Wn. App. 607, 609, 5 P.3d 741 (citing LAWS OF 1995, ch. 108), *review denied*, October 11, 2000. When an offender meets the statutory eligibility criteria for an alternative sentence, the trial court may impose a period of prison confinement that is only one-half the standard range sentence and allow the offender to serve the other half in community custody while obtaining treatment for substance abuse. *Id.* (citing RCW 9.94A.120(6)(b)). An offender who fails to complete the treatment program must return to total confinement to serve the other half of his sentence. *Id.* (citing RCW 9.94A.120(6)(c)).

Mr. Holt and Mr. Ray were both sentenced under DOSA. At the time they committed their respective offenses, however, they were not eligible for this alternative because they had prior felonies. *See* former RCW 9.94A.120(6) (1998). The 1999 amendment expanded the eligibility criteria to permit offenders with prior felony convictions an opportunity to serve this alternative sentence if those prior felonies were not for violent or sex offenses. RCW 9.94A.120(6). Under this amendment, both men were eligible for DOSA. Although the amendment became effective July 25, 1999, the trial courts here determined that the amendment was retroactive and sentenced the defendants under DOSA.

■ Division One has already held that this amendment should not be applied retroactively. *Kane*, 101 Wn. App. at 609. The 1999 amendment establishes a penalty for criminal offenses and is therefore subject to RCW 10.01.040, the general criminal prosecution saving statute. *Id.* at 613. The statute provides that, in the absence of a contrary intent by the Legislature, all crimes are to be prosecuted under the law existing at the time of their commission: "[n]o offense committed and no penalty . . . incurred previous to the time when any statutory provision shall be repealed, . . . shall be affected by such repeal, unless a contrary intention is expressly declared in the repealing act . . . ." RCW 10.01-.040. A contrary intention need be expressed only in " 'words that fairly convey that intention.' " *Kane*, 101 Wn. App. at 612 (quoting *State v. Zornes*, 78 Wn.2d 9, 13, 475

P.2d 109 (1970), *overruled on other grounds by City of Kennewick v. Fountain*, 116 Wn.2d 189, 192, 802 P.2d 1371 (1991)).

The *Kane* court observed that "[t]he saving statute is a basic principle of construction the Legislature is entitled to rely on when it makes changes to criminal and penal statutes." *Id.* at 618. Since the Legislature had not expressed a contrary intent to apply the new DOSA eligibility criteria retroactively, the court relied upon the saving statute to hold that the amendment applied only prospectively. *Id.* at 614.

Division Two followed suit and also held that the 1999 amendment should not be applied retroactively. *State v. Toney*, 103 Wn. App. 862, 14 P.3d 826 (2000). The court reviewed the 1999 amendment and concluded, as did Division One, that it did not contain any words expressing a legislative intent to apply the new DOSA eligibility criteria to cases arising before its effective date.

We agree with the reasoning in *Kane* and *Toney*. The 1999 amendment to the DOSA statute is not retroactive. Under the provisions that were in effect at the time Mr. Holt and Mr. Ray committed their crimes, they were not eligible for this sentencing alternative. Former RCW 9.94A.120(6) (1998).

We reverse the DOSA sentences and remand for resentencing consistent with this opinion.

SWEENEY and SCHULTHEIS, JJ., concur.