# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85517-4-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| BRYAN JOHNATHAN PARENT, | |
| Appellant. | |

FELDMAN, J. — Bryan Johnathan Parent appeals his conviction for failure to register as a sex offender. Parent argues his conviction is not supported by sufficient evidence because the legislature extinguished his duty to register as a sex offender when it enacted Engrossed Substitute House Bill 1394 (H.B. 1394) during its 2023 session. LAWS of 2023, ch. 150. Because the new statute at issue does not apply here, we affirm.

I

Parent was adjudicated guilty, in juvenile court, of child molestation in the first degree, a class A felony, in 1990. The conviction required him to register as a sex offender indefinitely. Parent has since been convicted of three violations of the sex offender registration requirement: in 2000, 2002, and 2005.

In May 2021, Parent moved to a new residence, triggering the registration requirement, and failed to register his new address despite law enforcement's repeated requests, over a five-month period, to do so. Parent was arrested on October 27, 2021 and charged with failure to register as a sex offender. The State alleged that, on or about October 27, 2021, Parent, having previously been convicted of child molestation in the first degree, was required to register as a sex offender and knowingly failed to comply with the requirements of RCW 9A.44.130.

Following a stipulated bench trial on June 13, 2023, the trial court found Parent guilty of failure to register as a sex offender with two or more prior convictions. Consistent with the State's charging document, the judgment and sentence indicates the "date of crime" was October 27, 2021. Also on June 13, 2023, the trial court sentenced Parent to 43 months of confinement.

This timely appeal followed.

II

Parent argues his conviction for failure to register as a sex offender is not supported by sufficient evidence because the legislature extinguished his duty to register when it enacted H.B. 1394. We disagree.

A

As Parent correctly notes, H.B. 1394 amends the registration requirements for persons who committed sex crimes as juveniles. Section 10 of H.B. 1394 provides in pertinent part as follows:

A new section is added to chapter 9A.44 RCW to read as follows:

(1) For a person who is not an adult, any existing legal obligation to register as a sex offender is extinguished on the

effective date of this section if the person no longer has a duty to register under RCW 9A.44.130(1)(b).

LAWS of 2023, ch. 150, § 10. But contrary to Parent's argument that the new statute applies here, section 12 of H.B. 1394 states, "Section 10 of this act takes effect November 1, 2023." LAWS of 2023, ch. 150, § 12. That effective date is more than four months after Parent's trial and sentencing and more than two years after Parent failed to register as a sex offender.

Statutes generally apply prospectively unless a contrary intent is indicated. *State v. Jefferson*, 192 Wn.2d 225, 245, 429 P.3d 467 (2018). In determining whether a contrary intent is indicated, "we first look to the statute's plain meaning." *State v. Barbee*, 187 Wn.2d 375, 383, 386 P.3d 729 (2017) (citing *State v. Varnell*, 162 Wn.2d 165, 168, 170 P.3d 24 (2007), and *State v. Adel*, 136 Wash.2d 629, 635, 965 P.2d 1072 (1998)). Also, "Determining whether a statute is retroactive is a question of law that we review de novo." *State v. Brake*, 15 Wn. App. 2d 740, 743, 476 P.3d 1094 (2020) (citing *State v. Schenck*, 169 Wn. App. 633, 642, 281 P.3d 321 (2012)).

RCW 10.01.040, known as the savings clause, also applies here. That statute provides, "Whenever any criminal . . . statute shall be amended . . . all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act . . . ." RCW 10.01.040. The statute further provides, "every such amendatory or repealing statute shall be so construed as to save all criminal and

penal proceedings . . . pending at the time of its enactment, unless a contrary intention is expressly declared therein."

The savings clause is "a basic principle of construction the Legislature is entitled to rely on when it makes changes to criminal and penal statutes." *State v. Kane*, 101 Wn. App. 607, 617-18, 5 P.3d 741 (2000). Our Supreme Court made clear in *State v. Ross*: the "'savings clause is deemed a part of every repealing statute as if expressly inserted therein, and hence renders unnecessary the incorporation of an individual saving clause in each statute which amends or repeals an existing penal statute.'" 152 Wn.2d 220, 237, 95 P.3d 1225 (2004) (quoting *State v. Hanlen*, 193 Wash. 494, 497, 76 P.2d 316 (1938)). The savings clause thus ensures that pending criminal proceedings are not affected by subsequent statutory amendments or repeals.

Based on the plain language of H.B. 1394 and the savings clause, section 10 of H.B. 1394 does not apply here, and Parent therefore had a duty in and before October 2021 to register as a sex offender. Although the legislature subsequently amended the registration requirements for persons, like Parent, who have an existing legal obligation to register under RCW 9A.44.130(1)(b), the section that extinguished registration duties based on prior juvenile adjudications did not become effective until November 1, 2021, well after Parent failed to register. Moreover, "there is nothing fundamentally unfair in sentencing offenders in accordance with the law they presumably were aware of at the time they committed their offenses." *Kane*, 101 Wn. App. at 617. Consistent with the trial court's judgment and sentence, the new statute does not apply here.

B

Parent's contrary arguments lack merit. Parent argues H.B. 1394 should apply to his case because this matter is on direct appeal. The argument is based on two cases—*State v. Ramirez*, 191 Wn.2d 732, 747-51, 426 P.3d 714 (2018), and *State v. Wemhoff*, 24 Wn. App. 2d 198, 200-02, 519 P.3d 297 (2022)—both of which concerned the imposition of legal financial obligations at sentencing. In *State v. Jenks*, 197 Wn.2d 708, 487 P.3d 482 (2021), our Supreme Court substantially narrowed the scope of *Ramirez*. The Court in *Jenks* recognized that *Ramirez* "dealt with the narrow subject matter of 'costs imposed upon conviction'" and added, "Such subject matter is not analogous to the determination of whether a defendant qualifies as a persistent offender, as is the case here." *Jenks*, 197 Wn.2d at 723 (quoting *Ramirez*, 191 Wn.2d at 749). Because the same reasoning applies here, *Ramirez* is inapposite. And the Supreme Court's analysis in *Jenks* applies equally to *Wemhoff*, which addressed another legal financial obligation (community custody supervision fees) imposed at sentencing. 24 Wn. App. 2d at 200-02.

Nor does the underlying logic of *Ramirez* and *Wemhoff* support Parent's argument. Under Washington law, "Prospective application of a statute occurs when the event that triggers or precipitates operation of the statute takes place after its enactment." *In re Flint*, 174 Wn.2d 539, 547, 277 P.3d 657 (2012) (citing *State v. Pillatos*, 159 Wn.2d 459, 471, 150 P.3d 1130 (2007)). In both *Ramirez* and *Wemhoff*, the termination of the defendants' case, including their respective appeals, served as the "precipitating event" for purposes of the new cost statutes.

*Ramirez*, 191 Wn.2d at 749; *Wemhoff*, 24 Wn. App. 2d at 202. Here, in contrast, the precipitating event is Parent's failure to comply with the applicable sex offender registration requirements, which the trial court found occurred on October 27, 2021. Consequently, the prospectivity analysis in *Ramirez* and *Wemhoff* does not apply here.

Parent's reliance on *State v. Wiley*, 124 Wn.2d 679, 687, 880 P.2d 983 (1994), is similarly misplaced. In *Wiley*, the Court sentenced Robert Hunt according to sentencing guidelines in effect at the time of his larceny crime and sentencing in 1991. *Id*. at 680. The sentencing calculation was based, in part, on whether his prior offenses from 1971, 1972, and 1974 were felonies or misdemeanors. Importantly for Hunt, the Washington legislature changed the classification of larceny crimes in 1976, reducing them from felonies to misdemeanors. *Id* at 682. Fifteen years after the effective date of the classification change, *Wiley* treated the prior convictions as misdemeanors by applying the law effective at the time of Hunt's sentencing in 1991. *Id* at 687. Parent's case is similar to *Wiley*, but not for the reasons Parent argues. *Wiley* does not stand for retroactive application of new laws to prior offenses. *Wiley* instead calls for prospective application of sentencing laws effective at the time of sentencing. In *Wiley*, the court applied sentencing guidelines as they were in 1991, at the time of Hunt's sentencing. Here too, the trial court applied the law as it stood as of Parent's sentencing on June 13, 2023. Thus, Parent's reliance on *Wiley* is misplaced.

Parent next argues the savings clause does not apply here because the sex offender registration statutes are regulatory and not punitive. In support of his argument, Parent cites *State v. Ward*, 123 Wn.2d 488, 869 P.2d 1062 (1994), and *State v. Boyd*, 1 Wn. App. 2d 501, 408 P.3d 362 (2017), which determine whether the prohibition on ex post facto laws applies to sex offender registration statutes by analyzing whether the statutes are regulatory or punitive. But the regulatory or punitive considerations important to ex post facto analysis do not apply to the savings clause. Instead, the proper savings clause query is whether the new law is substantive or procedural, because the savings clause applies to substantive changes in the law, not procedural ones. *Jenks*, 197 Wn.2d at 721; *Kane*, 101 Wn. App. at 611-12.

Critical here, both *Ward* and *Boyd* treat sex offender registration requirements as substantive to determine whether the savings clause applies. In *Ward*, sex offender registration statutes were treated as substantive, not procedural, because the requirement to register falls within Title 9A RCW, Washington's Criminal Code, and not Title 10 RCW, Criminal Procedure, or Title 4 RCW, Civil Procedure. *Ward*, 123 Wn.2d at 498 n.5. Like *Ward*, *Boyd* treated sex offender registration requirements as substantive. 1 Wn. App. 2d at 510. Because the savings clause applies to substantive statutes, including RCW 9A.44.132(1), the trial court did not err in applying RCW 9A.44.132(1) as it existed when Parent failed to register as a sex offender.

III

Parent's sufficiency of the evidence argument is expressly premised on his argument that H.B. 1394 extinguished his duty to register as a sex offender. Because the new statute at issue does not apply here, we affirm.

Feldman, J.

WE CONCUR: