IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85718-5-I |
| Respondent, | DIVISION ONE |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION AND WITHDRAWING AND SUBSTITUTING OPINION |
| RYLEND FARRIS, | |
| Appellant. | |

Appellant Rylend Farris filed a motion to reconsider a portion of the opinion filed on July 15, 2024, in the above case. The panel has determined that the motion for reconsideration should be denied. The panel has also determined that the opinion in the above-entitled case filed on July 15, 2024 should be withdrawn and a substitute unpublished opinion be filed.

Now, therefore, it is hereby

ORDERED that the opinion filed on July 15, 2024 is withdrawn and a substitute unpublished opinion shall be filed.

FOR THE COURT:

_Chung, J._

Díaz, J.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Respondent,<br><br>       v.<br><br>RYLEND FARRIS,<br><br>                Appellant. | No. 85718-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Rylend Farris challenges his sentence on his conviction for residential burglary. Farris's offender score, which was used to determine his sentence, included two juvenile adjudications. On appeal, Farris claims the juvenile adjudications should have been excluded, arguing that because a statutory amendment removing juvenile dispositions from a person's offender score went into effect in July 2023, before his sentencing in August 2023, the amendment applies to his sentence. Under RCW 9.94A.345 and the savings clause, RCW 10.01.040, the law that applies to sentencing is the law in effect at the time of the offense. The plain language of the 2023 amendment conveys no legislative intent that it applies retroactively, and the amendment does not alter the calculation of his offender score. We therefore affirm Farris's sentence.

FACTS

Farris pleaded guilty to one count of residential burglary committed while on community custody. In his statement on plea of guilty, Farris wrote, "On

January 5, 2023 in Snohomish County, WA I did unlawfully enter and remain in a dwelling. . . and did commit a theft of clothing from the dwelling." The State calculated an offender score of seven, including two juvenile offenses, theft in the first degree and promoting prostitution in the first degree. At his May 4, 2023 hearing on the guilty plea, Farris acknowledged this offender score and the parties agreed to a sentencing recommendation of 43 months of incarceration. The court accepted the guilty plea and set sentencing for June 1, 2023. The court subsequently granted a motion to continue the sentencing to August 3, 2023.

Between the court's acceptance of Farris's guilty plea and the August 2023 sentencing, a new amendment to RCW 9.94A.525(1)(b), part of the Sentencing Reform Act (SRA), went into effect. See LAWS OF 2023, ch. 415 (H.B. 1324). Effective July 23, 2023, the amendment removes the majority of prior juvenile convictions from the calculation of offender scores. In his sentencing memorandum and at his sentencing hearing, Farris argued the amendment should apply prospectively to reduce his offender score and standard range sentence. The trial court disagreed and counted the juvenile offenses for an offender score of seven with a standard range of 43-57 months. The court sentenced Farris to the originally agreed recommendation of 43 months of incarceration, the low end of the standard range.

Farris appeals.

DISCUSSION

Farris challenges his sentence, arguing the court wrongly included his juvenile convictions in his offender score calculation. According to Farris, the

2

plain language of RCW 9.94A.525(1) mandates that the court calculate the offender score by counting prior convictions as of the date of sentencing and, therefore, the court has no authority to include most juvenile convictions in sentencings occurring after July 23, 2023. We disagree.

Farris's claim requires us to engage in statutory construction, which is a question of law reviewed de novo. State v. Wentz, 149 Wn.2d 342, 346, 68 P.3d 282 (2003). We "give effect to the intent of the legislature, and where the language of a statute is clear, legislative intent is derived from the language of the statute alone." Id. We discern the plain meaning of a statutory provision from the ordinary meaning of the language at issue, the context of the statute, related provisions, and the statutory scheme as a whole. State v. Engel, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009). If unambiguous, a statute's plain language "provides the beginning and the end of the analysis." State v. Jenks, 197 Wn.2d 708, 714, 487 P.3d 482 (2021). A statute is unambiguous when not susceptible to more than one interpretation. Id.

RCW 9.9A.525 establishes the guidelines for calculation of the offender score. For the purposes of the offender score, "[a] prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed." RCW 9.9A.525(1)(a). Farris reads this to mandate that the version of this statute that applies to his sentence is the version in effect on the date of sentencing, rather than the date of the offense—i.e., the amended version of RCW 9.9A.525(1)(b) that excludes his prior juvenile adjudications from the calculation of his offender score.

3

Farris is incorrect. RCW 9.9A.525(1) defines "prior conviction" for the purposes of calculating the offender score. This definition pertains to which convictions factor into the offender score, not what law applies to the calculation. RCW 9.94A.345 governs which version of the SRA applies to determine a sentence and explicitly states: "Except as otherwise provided in this chapter, any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed." As our Supreme Court held in Jenks, "RCW 9.94A.345 clearly commands that sentences imposed under 'this chapter'—the SRA—be imposed under the law in effect at the time of the crime." 197 Wn.2d at 715. Thus, RCW 9.94A.345 requires Farris to be sentenced under the statute in effect when he committed the crime in January 2023.

In addition to the unambiguous language of RCW 9.94A.345, the savings clause statute prevents application of the amended sentencing statute to Farris's sentencing. Jenks, 197 Wn.2d at 719; State v. Troutman, 30 Wn. App. 2d 592, 594, 546 P.3d 458 (2024). The savings clause states:

> Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

RCW 10.01.040. This savings clause is read into every repealing or amending penal statute. Jenks, 197 Wn.2d at 719; State v. Ross, 152 Wn.2d 220, 237, 95 P.3d 1225 (2004); RCW 10.01.040. Under the terms of this statute, the

4

sentencing court was required to sentence Farris under the law in effect at the time he committed the offense unless a contrary intent was indicated by the legislature. The legislature is not required to explicitly state its intent for an amendment to apply retroactively to pending prosecutions. Jenks, 197 Wn.2d at 720. Intent need only be expressed in words that "fairly convey that intention." Ross, 152 Wn.2d at 238 (quoting State v. Kane, 101 Wn. App. 607, 612, 5 P.3d 741 (2000)).

Farris argues the statutory amendment's statement of intent "uses strong words that convey the legislature's intent to eliminate sentencing standards that automatically increase a person's punishment based on their actions as a child." The intent section states:

> The legislature intends to:
> (1) Give real effect to the juvenile justice system's express goals of rehabilitation and reintegration;
> (2) Bring Washington in line with the majority of states, which do not consider prior juvenile offenses in sentencing range calculations for adults;
> (3) Recognize the expansive body of scientific research on brain development, which shows that adolescent's perception, judgment, and decision making differs significantly from that of adults;
> (4) Facilitate the provision of due process by granting the procedural protections of a criminal proceeding in any adjudication which may be used to determine the severity of a criminal sentence; and
> (5) Recognize how grave disproportionality within the juvenile legal system may subsequently impact sentencing ranges in adult court.

LAWS OF 2023, ch. 415, § 1. But as we observed in Troutman, the plain language of this section "says nothing about retroactivity." 30 Wn. App. 2d at 599. Therefore, the savings clause applies to Farris's sentence.[1]

---

[1] Farris also claims the savings clause does not change his analysis because "the offender score statute required the court to calculate the offender score at the time of sentencing, even

5

Finally, Farris contends the statutory amendment applies prospectively to his pending case because it is remedial. Remedial statutes relate to practice, procedure, or remedies, and do not affect a substantive right. State v. Pillatos, 159 Wn.2d 459, 473, 150 P.3d 1130 (2007). However, our Supreme Court has "repeatedly made clear that changes to criminal punishments are substantive, not procedural." Jenks, 197 Wn.2d at 721 (citing State v. Smith, 144 Wn.2d 665, 674, 30 P.3d 1245 (2001) (changing the meaning of the term "criminal history" in the SRA was a substantive change)). Moreover, "even a remedial amendment will be applied prospectively only if it contradicts a previous interpretation of the amended statute by this court," Pillatos, 159 Wn.2d at 473, and Farris makes no argument to satisfy this requirement.

The law that governs Farris's sentence is the law in effect at the time he committed his offense. The statutory amendment restricting inclusion of juvenile offenses in the offender score was enacted after Farris committed his offense and does not govern the calculation of his offender score. At the time of his sentencing, Farris had two juvenile and five adult felony prior convictions, amounting to an offender score of seven. The trial court properly calculated the offender score for purposes of sentencing Farris.

Affirmed.

---

before the legislature amended it" such that "[t]he amendment did not change the date of calculation; it only removed certain offenses from that calculation." Farris is correct that the amendment does not change the requirement in RCW 9.94A.525(1) that the offender score is calculated as of the date of sentencing. Farris also argues that HB 1324 should apply to his sentence because it is pending on appeal, and the "triggering event" for the offender score statute is sentencing. However, as discussed above, RCW 9.94A.345 of the SRA and the savings clause, RCW 10.01.040, together unambiguously mandate that the date of the offense determines the law that the sentencing court must apply at the time of sentencing. Therefore, Farris's arguments are unavailing.

_Chung, J._

WE CONCUR:

_Díaz, J._    _Dwyer, J._