IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85825-4-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| WATSON, MARQUES JAKAI, DOB: 09/10/2003, | |
| Appellant. | |

BOWMAN, J. — Marques Jakai Watson appeals his sentence for three first degree robbery convictions committed in 2022. He argues the trial court erred by counting juvenile adjudications in his offender score because a 2023 amendment to RCW 9.94A.525(1) in effect at the time of his sentencing precluded including the adjudications. Because Watson's sentencing was controlled by the law in effect at the time of his offenses, we affirm.

FACTS

In May 2023, the legislature amended RCW 9.94A.525, the offender score statute, to exclude most juvenile adjudications from inclusion in an offender score calculation.[1] LAWS OF 2023, ch. 415, § 2. The amendment took effect on July 23, 2023. *Id.*

---

[1] The amendment added subsection (1)(b), which provides that "adjudications of guilt pursuant to Title 13 RCW which are not murder in the first or second degree or class A felony sex offenses may not be included in the offender score." RCW 9.94A.525. Title 13 RCW governs juvenile courts and juvenile offenders.

On August 16, 2023, the State charged Watson with three counts of first degree robbery committed over three days in August 2022. The same day, Watson pleaded guilty as charged. In his plea agreement, the State calculated Watson's offender score as 8. The calculation included two juvenile adjudications for first degree robbery. As a result, Watson's standard sentencing range was 108 to 144 months of confinement.

Watson disagreed with the State's calculation. He argued that the offender score statute in effect at the time of his sentencing should apply, which prohibited including juvenile adjudications in his score under RCW 9.94A.525(1)(b). Watson calculated his offender score as 4 and his standard sentencing range as 51 to 68 months' confinement.

The court sentenced Watson in September 2023. It concluded that the law in effect at the time of Watson's offenses in 2022 applied to his sentence. It calculated Watson's offender score as 8 and imposed a standard-range concurrent sentence of 108 months of confinement.

Watson appeals.

ANALYSIS

Watson argues that the trial court erred by including his juvenile adjudications in his offender score. He contends the court should have applied the July 2023 amended statute to his sentence instead of the statute in effect at the time of his offenses. The State says we have already answered this question and held otherwise. We agree with the State.

We review de novo a sentencing court's calculation of an offender score. *State v. Olsen*, 180 Wn.2d 468, 472, 325 P.3d 187 (2014). We also review de novo questions of statutory interpretation. *State v. Jenks*, 197 Wn.2d 708, 713, 487 P.3d 482 (2021). We construe statutes based on their plain language. *Id.* at 714. And if the plain language is unambiguous, our analysis ends. *Id.*

Generally, RCW 9.94A.345 and RCW 10.01.040 control which version of the law courts must use when the legislature has amended a penal statute. *Jenks*, 197 Wn.2d at 713-14. RCW 9.94A.345, the timing statute, "commands sentencers to look to the law in effect at the time of the crime." *Id.* at 716. Under RCW 9.94A.345:

> Except as otherwise provided in [the SRA[2]], any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed.

And RCW 10.01.040, the general savings clause statute, ensures that pending criminal proceedings are not affected by subsequent statutory amendments. *Jenks*, 197 Wn.2d at 719-20. RCW 10.01.040 provides, in pertinent part:

> Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

---

[2] Sentencing Reform Act of 1981, chapter 9.94A RCW.

3

Under RCW 9.94A.345 and RCW 10.01.040, "sentences imposed under the SRA are generally meted out in accordance with the law in effect at the time of the offense." *Jenks*, 197 Wn.2d at 714. Any exception must be apparent by express legislative intent " 'in words that fairly convey that intention.' " *Id.* at 720[3] (quoting *State v. Ross*, 152 Wn.2d 220, 238, 95 P.3d 1225 (2004)).

In *State v. Troutman*, we rejected the same argument that the amendment to RCW 9.94A.525(1) applies to sentences for crimes committed before the amendment's effective date. 30 Wn. App. 2d 592, 599-600, 546 P.3d 458, *review denied*, 3 Wn.3d 1016, 554 P.3d 1217 (2024). We concluded:

> Because the plain language [of RCW 9.94A.525(1) as amended] is unambiguous and does not evince a legislative intent for [the statute] to apply retroactively, we conclude that under the SRA, RCW 9.94A.345, and the savings clause, RCW 10.01.040, the law in effect at the time of the offense applies to [the defendant]'s sentence.

*Id.*[4]

We hold the same here. Because Watson committed the robberies in August 2022 and the amendment to RCW 9.94A.525(1) did not take effect until July 2023, the trial court did not err by including the juvenile adjudications in his offender score.

---

[3] Internal quotation marks omitted.

[4] Divisions Two and Three recently reached the same conclusion. *See State v. Tester*, 30 Wn. App. 2d 650, 656-59, 546 P.3d 94, *review denied*, 2024 WL 4449749 (2024) (holding RCW 9.94A.345 and RCW 10.01.040 require the trial court to impose a sentence based on the law in effect when the defendant committed their offense, and because RCW 9.94A.525(1)(b) was not in effect at that time, it does not apply to the defendant's offender score calculation); *In re Pers. Restraint of Scabbyrobe*, No. 39562-6-III, slip op. at 5-6 (Wash. Ct. App. Jan. 25, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/395626_unp.pdf (same); *see also* GR 14.1(c) (we may cite unpublished opinions "for a reasoned decision").

4

Still, Watson argues that the legislature clearly expressed its intent to apply the amended statute "to all sentencings after its effective date." He points to the statute's intent section, which states:

> The legislature intends to:
>     (1)    Give real effect to the juvenile justice system's express goals of rehabilitation and reintegration;
>     (2)    Bring Washington in line with the majority of states, which do not consider prior juvenile offenses in sentencing range calculations for adults;
>     (3)    Recognize the expansive body of scientific research on brain development, which shows that [an] adolescent's perception, judgment, and decision making differs significantly from that of adults;
>     (4)    Facilitate the provision of due process by granting the procedural protections of a criminal proceeding in any adjudication which may be used to determine the severity of a criminal sentence; and
>     (5)    Recognize how grave disproportionality within the juvenile legal system may subsequently impact sentencing ranges in adult court.

LAWS OF 2023, ch. 415, § 1. But we also rejected this argument in *Troutman*. We concluded that the intent section's plain language is "unambiguous" and "says nothing about retroactivity." *Troutman*, 30 Wn. App. 2d at 599-600. We see no reason to part from that ruling here.

Further, as much as Watson describes the amended statute as remedial, and thus applicable at his sentencing, Division Two recently rejected that same argument in *State v. Tester*, 30 Wn. App. 2d 650, 658-59, 546 P.3d 94 (2024). The court recognized that remedial statutes generally involve procedural matters and are " 'enforced as soon as they are effective, even if they relate to transactions predating their enactment.' " *Id.* at 658 (quoting *State v. Pillatos*, 159 Wn.2d 459, 473, 150 P.3d 1130 (2007)). But changes to criminal

5

punishments are substantive, not procedural. *Jenks*, 197 Wn.2d at 721. And, in any event, "the remedial nature of an amendment is irrelevant when the statute is subject to RCW 10.01.040." *Tester*, 30 Wn. App. 2d at 658-59 (citing *State v. Kane*, 101 Wn. App. 607, 613, 5 P.3d 741 (2000)).

Because the amendment to RCW 9.94A.525(1) did not apply to the calculation of Watson's offender score, we affirm his sentence.

Brennan, J.

WE CONCUR:

Birk, J.

Coburn, J.