IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | No. 86203-1-I |
| ANTHONY B. DEFROE, | DIVISION ONE |
| Petitioner. | UNPUBLISHED OPINION |

PER CURIAM — In this personal restraint petition, Anthony Defroe contends that the Department of Corrections (DOC) is unlawfully conditioning his release to community custody on DOC's approval of a release address in violation of *In re Personal Restraint of Capello*, 106 Wn. App. 576, 24 P.3d 1074 (2001), and *In re Personal Restraint of Stewart*, 115 Wn. App. 319, 75 P.3d 521 (2003). We disagree and deny Defroe's petition.

BACKGROUND

RCW 9.94A.120, *Capello*, and *Stewart*

RCW 9.94A.120 once stated that prior approval of "the location and living arrangements of a sex offender" was a discretionary "special condition" that a sentencing court could, but was not required to, order as a condition of community custody for sex offenders who become eligible only for transfer to community custody on their earned release date (ERD). *See* former RCW 9.94A.120 (1988). The legislature amended the statute effective June 11, 1992, to make residence preapproval a standard, but waivable, condition. LAWS OF 1992, ch. 75, § 2.

In *In re Personal Restraint of Capello*, the sentencing court declined to impose the then - "special" residence preapproval condition when sentencing Ricardo Capello in 1991. 106 Wn. App. at 578-79. Later, however, DOC conditioned Capello's release to community custody on its approval of a release address. *Id.* at 582. Capello filed a personal restraint petition challenging the residence preapproval condition, and we granted the petition, holding that DOC could not lawfully require residence preapproval when the sentencing court had not. *Id.* at 584.

*In re Personal Restraint of Stewart* involved a defendant, Darrell Stewart, who was also sentenced under the pre-1992 version of RCW 9.94A.120. 115 Wn. App. at 323. As in *Capello*, the sentencing court did not impose the then - "special" residence preapproval requirement, but DOC imposed it later. *Id.* at 328. Stewart filed a personal restraint petition challenging the condition, and on March 4, 2002, we granted the petition based on *Capello*. *Id.* at 329. On March 14, 2002, the legislature enacted a law requiring DOC to make residence preapproval a condition of releasing sex offenders like Stewart. *Id.* DOC moved this court for reconsideration in light of the new law, and we denied the motion, holding that the new law applied only prospectively. *Id.* at 322-23.

### Defroe's Judgment & Sentence

Defroe was sentenced on June 28, 1994, for offenses he committed in May 1992. The sentencing court imposed an exceptional sentence of 489 months of confinement and 24 months of community custody. Defroe's judgment and sentence (J&S) specified five conditions of community custody. It also incorporated by reference the conditions "set forth in attached [presentence investigation (PSI)] report." That

report recommended "Standard Conditions 1 through 8," but the record is silent as to what those conditions were. It also specified 10 "Special Conditions." Residence preapproval was not among the conditions specified in Defroe's J&S or in the list of "Special Conditions" in the PSI report. Nevertheless, it is undisputed that DOC denied Defroe's most recent release plan[1] because DOC did not approve of his proposed release address. Defroe objected on the basis that he was in the *Capello-Stewart* category of offenders. DOC disagreed and removed the *Capello-Stewart* designation from Defroe's file. Defroe then filed this personal restraint petition.

DISCUSSION

Where, as here, an incarcerated person files a personal restraint petition challenging a decision from which he has had no previous or alternative avenue for obtaining state judicial review, we evaluate the petition under RAP 16.4. *In re Pers. Restraint Petition of Cashaw*, 123 Wn.2d 138, 149, 866 P.2d 8 (1994). Under that rule, Defroe bears the burden to show that he is under unlawful restraint. RAP 16.4(b)-(c); *In re Pers. Restraint of Williams*, 198 Wn.2d 342, 352, 496 P.3d 289 (2021) ("Petitioners bear the burden of proving unlawful restraint by a preponderance of evidence.").

Defroe does not meet his burden. He concedes that "the trial court imposed the 'standard mandatory conditions' of community custody at the time of sentencing." Accordingly, he is entitled to relief only if he can show that under the applicable version of RCW 9.94A.120, residence preapproval *was not* a standard condition. Defroe asserts that because he committed his offense in May 1992, the applicable version of

---

[1] Defroe alleges that his ERD was March 28, 2023. DOC represents that Defroe's ERD was October 7, 2022, and that his maximum expiration date is February 24, 2033.

the statute was the pre-June 11, 1992 version, under which residence preapproval was discretionary. Meanwhile, the State contends that the applicable version of the statute is the post-June 11, 1992 version.

We agree with the State. Defroe is correct that under the criminal savings statute, RCW 10.01.040, courts generally "must sentence a defendant in accordance with the law in effect on the date he or she committed the crime." *State v. Ross*, 152 Wn.2d 220, 236-37, 95 P.3d 1225 (2004). However, the savings statute is in derogation of the common law, so "[w]e apply the statute narrowly and must broadly interpret the exception that is stated four times in RCW 10.01.040 — 'unless a contrary intention is expressly declared.'" *State v. Gradt*, 192 Wn. App. 230, 234, 366 P.3d 462 (2016) (quoting RCW 10.01.040). To that end, courts "have not required that the legislature *explicitly* state its intent that amendments . . . apply retroactively . . . Instead, 'such intent need only be expressed in words that fairly convey that intention.'" *Ross*, 152 Wn.2d at 238 (internal quotation marks omitted) (quoting *State v. Kane*, 101 Wn. App. 607, 612, 5 P.3d 741 (2000)).

Here, when the legislature amended RCW 9.94A.120, subsection (8)(b), to make residence preapproval a standard condition, it retained language making that subsection applicable "[w]hen a court sentences a person to a term of total confinement to [DOC] custody . . . for an offense categorized as a sex offense or serious violent offense *committed on or after July 1, 1990*." LAWS OF 1992, ch. 75, § 2 (emphasis added). By doing so, the legislature fairly conveyed its intention that the amended version of the statute apply when sentencing defendants—like Defroe—who committed their offenses on or after July 1, 1990, and who were sentenced on or after June 11,

-4-

1992, the effective date of the amendment. This distinguishes Defroe from Capello and Stewart, who were each sentenced *before* the effective date of the amendment. *See Stewart*, 115 Wn. App. at 336 ("[T]his court's opinion in *In re Capello* is the law that must be followed on the issue presented with respect to offenders *sentenced before the 1992 amendment*." (emphasis added)); *see also id.* at 322 (Stewart convicted in 1989); *Capello*, 106 Wn. App. at 582 (legislature amended RCW 9.94A.120 after Capello's sentencing). Defroe does not acknowledge much less address the language in the statute making it applicable to offenses committed on or after July 1, 1990. Consequently, he has not met his burden to establish that his restraint is unlawful, and we deny his petition.

FOR THE COURT:

_____
Mann, J.

_____
Birk, J.

_____